**E-FILED on** _____3/14/12_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAZOMI COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOKIA CORPORATION, et al., <br><br> Defendants. | No. 5:10-cv-04686 RMW <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(d) |

Defendants Western Digital Corporation, Western Digital Technologies, Inc., and Sling Media, Inc. (collectively "defendants" or "moving defendants") move for summary judgment of non-infringement of U.S. Patent Nos. 7,080,362 ("the '362 Patent") and 7,225,436 ("the '436 Patent"). In response, plaintiff Nazomi Communications, Inc. ("plaintiff") seeks relief under Fed. R. Civ. P. 56(d), arguing that further discovery is required to address the issues raised in defendants' motion.

Having considered the papers submitted by the parties, the court finds the instant motions suitable for resolution without oral argument and vacates the March 16, 2012 hearing. For the reasons set forth below, the court grants plaintiff's motion and denies defendants' motion without prejudice.

## I. BACKGROUND

Plaintiff filed the instant action[1] in the Central District of California on February 8, 2010, asserting patent infringement claims against numerous defendants with respect to the '362 Patent and '436 Patent. Complaint ("Compl.") at 1-2, 6. The action was transferred to the Northern District of California on October 12, 2010 and assigned to Judge Fogel on November 17, 2010. *See* Dkt. Nos. 206, 231. It was subsequently reassigned to this court on September 26, 2011. *See* Dkt. No. 305.

The '362 Patent and '436 Patent generally relate to technology called a "hardware Java accelerator" that translates stack-based Java Bytecode instructions into register-based native CPU instructions. In essence, the patented invention is intended to allow a computer to more efficiently process Java-based software programs. Plaintiff accuses the moving defendants of infringing independent claims 48, 74 and 86 of the '362 patent, and claims 1 and 5 of the '436 patent. Defendants' Motion for Summary Judgment ("MSJ") at 5. The remaining asserted claims are all dependent claims. *Id.*

In June 2011, plaintiff served interrogatories and requests for production on all defendants. Revised Joint Case Management Statement and Order, Dkt. No. 313 at 6. On July 25, 2011, plaintiff served its infringement contentions and disclosure of asserted claims. Plaintiff's Opposition to Defendants' Motion ("Opposition") at 4. On January 17 and 18, 2012, plaintiff performed an initial review of the ARM RTL source code, which is used in the accused products and allegedly relevant

---

[1] This matter is one of three related cases. *See Nazomi v. ARM Holdings, PLC*, No. 5:02-cv-02521-JF; *Nazomi v. Samsung Telecommunications Inc.*, No. 5:10-cv-05545-RMW.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(d)-No. 5:10-cv-04686 RMW (WW)
2

to plaintiff's infringement contentions. *Id.* at 5. Plaintiff received a copy of the source code from defendant-intervener ARM, Inc. on Feb. 6, 2012. *Id.*

On February 10, 2012, defendants filed the instant motion for summary judgment. Plaintiff did not file a substantive opposition, but rather sought relief under Fed. R. Civ. P. 56(d). Plaintiff claims that summary judgment is premature because the court has yet to conduct a claim construction and discovery is still in its early stages. Opposition at 4, 13.

## II. ANALYSIS

**1.    Summary Judgment of Non-infringement**

Defendants argue that summary judgment is proper because plaintiff's infringement contentions require the accused products to execute stack-based instructions using hardware called "Jazelle" within the products' computer processor, while the Jazelle hardware in defendants' products is disabled, dormant, or incapable of operation. MSJ at 15-16. According to defendants, the asserted claims are infringed only by the *actual processing* of stack-based instructions, not the mere capability of processing such instructions. MSJ at 17-18. Defendants further argue that even if the claim language is construed as requiring only capability, their products still do not infringe because they are not "capable of" processing stack-based instructions as a matter of law. *Id.*; Defendants' Reply Brief, Dkt. No. 329 at 12.

The court finds that whether plaintiff's asserted claims require actual or mere capability of processing stack-based instructions is a claim construction issue. While defendants argue that claims cannot be directed towards capability unless they are explicitly framed in such terms, courts have construed claims as requiring mere capability even in the absence of the overt use of the phrase "capable of." *See, e.g.*, *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205 (Fed. Cir. 2010) (holding that non-method storage medium claims cover capability where the claim recites

"computer-readable storage medium...*for causing* a server that serves as a gateway to a client to perform the steps of...") (emphasis added); *compare Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380-81 (Fed. Cir. 2011) (affirming the district court's construction of the term "memory for storing" as requiring the actual presence of the memory function in the device, rather than mere capability of performing the function). Here, several of the asserted claims contain similar language to that considered in *Finjan*. *See, e.g.*, '436 Patent, Claim 1 ("[A] CPU *for executing* stack and register-based instructions...") (emphasis added). Further, as defendants acknowledge, claim 48 of the '362 Patent expressly contains the phrase "capable of," albeit in its preamble. *See* MSJ at 17. Therefore, without a claim construction, the court cannot properly determine whether plaintiff's claims are directed towards capability.

      In addition, the court is unpersuaded by defendants' argument that even if the claims are construed as requiring mere capability of executing stack-based instructions, the accused products still do not infringe as a matter of law. Even under a settled claim construction, determining whether an accused infringing device is "capable of" performing the recited function is a fact-intensive inquiry. *See, e.g.*, *Finjan*, 626 F.3d at 1205 (capability was established when the code for executing the recited function was "already present" in defendants' accused products when sold); *compare High Tech. Med. Instrumentation, Inc. v. New Image Indus. Inc.*, 49 F.3d 1551, 1555-56 (Fed. Cir. 1995) (the fact that the accused device could be altered in a certain way that satisfies the claim term did not establish capability). Where, as here, there is a factual dispute regarding the functioning of the accused devices, the court cannot address the capability issue without the benefit of a claim construction and a more complete understanding of the way defendants' products work.

**2.     Relief under Rule 56(d)**

In response to a summary judgment motion, a nonmoving party may obtain relief pursuant to Federal Rule of Civil Procedure 56(d) if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In the Ninth Circuit, a party seeking further discovery under Rule 56(d) must show that it diligently pursued such discovery prior to filing its motion. *See Lizotte v. Praxair Inc.*, No. 09-35332, 2010 U.S. App. LEXIS 5681 (9th Cir. 2010) (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)). The party must also "make clear what information is sought and how it would preclude summary judgment." *Id.* (citing *Garrett v. City & County of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987)) (internal quotations omitted). In addition, there must be "some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

According to plaintiff, several pieces of information are essential to address the issues raised by defendants' motion. First, plaintiff seeks discovery of the source code for defendants' products because the "operation of this source code is foundational to" defendants' argument that the Jazelle hardware is disabled or dormant in the products. Opposition at 9. Despite this information being the subject of outstanding document requests, plaintiff alleges that defendants to date have failed to produce the source code.[2] *Id.* Second, plaintiff argues that it is entitled to depose the declarants who offer statements in support of the instant motion for summary judgment. *Id.* Third, plaintiff seeks discovery from third-parties such as ARM, which designed the processors in defendants' products that appear to give rise to plaintiff's infringement claims, as well as third-party chipset manufacturers that supplied the chipsets used in defendants' products. *Id.* at 10-12. Plaintiff contends that such

---

[2] Western Digital claims that it informed plaintiff in its July 2011 interrogatory responses that the requested source code was in the sole possession of Sun Microsystems, Inc. ("Sun"), Dkt. No. 329 at 10, and that plaintiff subsequently issued a subpoena to Sun in December 2011 which included a request for source code. *Id.* However, it is not clear whether plaintiff has actually obtained the source code from Sun.

discovery is necessary to understand how the ARM processors, including the Jazelle hardware, are incorporated into the chipsets. *Id.* at 12. Finally, plaintiff alleges that its review of the ARM RTL source code, which it obtained less than a week before defendants' summary judgment motion was filed, is still on-going. *Id.*

The court finds that plaintiff has set forth specific facts to be discovered that are essential to the resolution of the issues raised by defendants' motion for summary judgment. Further, despite defendants' contention that plaintiff has been on notice of their intention to file the instant motion for more than fifteen months, it appears that plaintiff has been diligent in its discovery efforts throughout the course of this litigation. Thus the court grants plaintiff's request for relief under Rule 56(d), but will specify the scope and timeline of plaintiff's further discovery at the next case management conference.

### III. ORDER

For the foregoing reasons, the court denies defendants' motion for summary judgment without prejudice, and grants plaintiff's motion for relief under Fed. R. Civ. P. 56(d). The court also vacates the summary judgment hearing set to take place on March 16, 2012. At the forthcoming case management conference on March 30, 2012, the parties should be prepared to discuss the following issues: (1) specific claim terms that need to be construed before the court may resolve defendants' summary judgment motion; (2) specific discovery that needs to be completed in order to oppose the motion; and (3) the scheduling of such discovery.

DATED:     March 14, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND GRANTING PLAINTIFF'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(d)-No. 5:10-cv-04686 RMW (WW)
6